**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RUBEN M. COLLAZO,** | : |
| **Plaintiff** | : CIVIL ACTION NO. 3:15-1269 |
| v. | : (JUDGE MANNION) |
| **COMMONWEALTH OF PENNSYLVANIA,** | : |
| | : |
| **Defendant** | : |
| | : |

## MEMORANDUM

Pending before the court is a report by Magistrate Judge Karoline Mehalchick which recommends that the plaintiff's complaint be dismissed with prejudice pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(ii). (Doc. 3). The plaintiff has filed objections to Judge Mehalchick's report. (Doc. 4, Doc. 5). Although for reasons other than those set forth in Judge Mehalchick's report, the report will be adopted, the plaintiff's complaint will be dismissed in this court and the action summarily remanded to the state court.

By way of relevant background, on June 29, 2015, the plaintiff filed a notice of removal of a criminal action from the Court of Common Pleas of Monroe County pursuant to [28 U.S.C. §1443](). (Doc. 1). In his filing, the plaintiff states that he was arrested on June 20, 2014 on a misdemeanor charge of defiant trespass. Subsequently, on June 3, 2015, the plaintiff claims that, over his objection, the district attorney introduced a motion to reduce the defiant trespass charge to a summary offense. According to the plaintiff, this was done to deprive him of his right to a jury trial. The plaintiff further claims

that he has an appeal of another summary offense pending in the Pennsylvania Superior Court which is similar to the summary offense at issue as it involves the same accusers and occurred at the same location. The plaintiff argues that the second summary offense constitutes double jeopardy. In his notice of removal, the plaintiff asks this court to grant him a jury trial on the original misdemeanor charge of defiant trespass.

By way of a report filed on November 19, 2015, Judge Mehalchick gave the plaintiff's filing preliminary consideration pursuant to the provisions of [28 U.S.C. §1915(e)(2)](). She recommends that the action be dismissed for the plaintiff's failure to state a claim upon which relief can be granted.[1] (Doc. 3). Because it would be futile to allow the plaintiff to amend his filing, Judge Mehalchick recommends that the dismissal be with prejudice.

On December 7, 2015, the plaintiff filed a notice of objections to Judge Mehalchick's report, (Doc. 4), accompanied by a brief, (Doc. 5). When objections are timely filed to the report and recommendation of a magistrate

---

[1] Judge Mehalchick construed the plaintiff's filing as a civil rights action brought pursuant to [42 U.S.C. §1983](). In doing so, she found that the district attorney's decision to seek a lesser charge in the plaintiff's case fell within his prosecutorial discretion. Moreover, she determined that the plaintiff was not entitled to a jury trial, in any event, as either of the charges constituted a petty offense for Sixth Amendment purposes. The plaintiff has not objected to Judge Mehalchick's construction of his filing. Although the undersigned does not construe the plaintiff's filing in the same manner as Judge Mehalchick, to the extent that the plaintiff intended to file his action as a civil rights action pursuant to §1983, the undersigned agrees with Judge Mehalchick's conclusions and adopts those conclusions herein.

judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In reviewing the plaintiff's filings, his notice of objections appears to be a challenge to Judge Mehalchick's authority to review his action. The instant action was assigned to the undersigned and referred to Judge Mehalchick for all pre-trial purposes. Pursuant to 28 U.S.C. §636(b)(1), Judge Mehalchick

has the authority to render a report recommending dismissal of the instant action, with the undersigned making the final determination. As such, to the extent the plaintiff challenges Judge Mehalchick's authority to issue the instant report recommending dismissal of his action, the plaintiff's objections are overruled.

In reviewing the brief accompanying the plaintiff's objections, the plaintiff does nothing to challenge the substantive findings in Judge Mehalchick's report. Instead, after presenting his version of the procedural and factual background of his case, the plaintiff presents a number of issues which he claims are deserving of this court's review by way of an amended filing, but none of which are related to the only issue raised in the plaintiff's original filing, i.e., whether the plaintiff is entitled to a jury trial on the defiant trespass charge originally brought against him. The plaintiff proceeds to present a number of "questions to be considered by a federal court" relating to Pennsylvania's gaming laws, again, none of which are related to the issue raised in the plaintiff's original filing or have any bearing on the report and recommendation currently pending before the court. The plaintiff closes by arguing that there was no basis to exclude him from a State run gaming facility and that "extraordinary circumstances" exist which requires this court's consideration of his claims. The court disagrees.

The plaintiff has removed this criminal prosecution from the state court pursuant to 28 U.S.C. §1443 (1), (2). Section 1443 provides, in relevant part,

> [a]ny of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

"Removal jurisdiction under §1443(1) is very limited. Generally 'the vindication of the defendant's federal rights is left to the state courts.'" City of Greenwood v. Peacock, 384 U.S. 808, 828 (1966). In order to remove a criminal prosecution under §1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the court of the State." Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quotations omitted); Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997) (quotations omitted).

In this case, the plaintiff satisfies neither of these prongs. The plaintiff argues that he has been denied his right to a trial by jury by way of the district attorney reducing the charges against him. He further argues that he is being subjected to double jeopardy in the state court. The plaintiff does not argue,

however, that his rights are being violated on account of his race. As to the initial prong, the Supreme Court has found that "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice" to remove a case under §1443(1). Johnson, supra. Moreover, as to the second prong, the plaintiff has made no allegation from which this court could conclude that the state courts cannot vindicate the plaintiff's constitutional rights. Given the foregoing, the plaintiff's attempt at removal pursuant to §1443(1) is improper.

With respect to removal under §1443(2), that provision "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood, 384 U.S. at 824; Commonwealth of Pennsylvania v. Randolph, 464 Fed. App'x. 46, 47 (3d Cir. 2012 (per curiam) (not precedential). There is no indication in this case that the plaintiff is a federal officer or agent or that he was executing duties under federal law providing for equal civil rights. Therefore, removal under §1443(2) is also improper.

Section 1445 of the removal statute provides, in relevant part, that "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. §1455(b)(4). Because the plaintiff has not

presented any valid ground for removal, summary remand is appropriate in this case pursuant to §1455(b)(4).

In light of the above, albeit for different reasons than recommended by Judge Mehalchick, the plaintiff's action will be dismissed in this court and summarily remanded pursuant to the provisions of §1455(4). An appropriate order shall issue.

s/ *Malachy E. Mannion*<br>
**MALACHY E. MANNION**<br>
**United States District Judge**

**Date:  January 11, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1269-01.wpd